UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAUNDRA E. O'NEAL,

    Plaintiff,

v.                                         Case No. 8:15-cv-01089-MSS-EAJ

ALLIED INTERSTATE, LLC,

    Defendant.

_____/

**DEFENDANT ALLIED INTERSTATE LLC'S**
**MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56**

Allied Interstate LLC ("Allied"), by and through their undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby move for an order granting summary judgment to Allied on all of the claims brought by Plaintiff Saundra E. O'Neal ("Plaintiff").

**PRELIMINARY STATEMENT**

Plaintiff has alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Counts I), and Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72 (Count II).

Summary judgment in favor of Defendants is appropriate.  First, Plaintiff's FDCPA claim is barred by the statute of limitations as the undisputed facts show that Allied's last call occurred in December 2013, and Plaintiff filed the instant Complaint on May 6, 2015.  Second, Plaintiff lacks standing to assert the FCCPA claim because she is claiming that an identity thief incurred the obligation to Sprint Corporation ("Sprint"), and therefore she would not meet the definition of a "debtor."  Third, Allied properly followed its policies and procedures to ensure compliance

with the FCCPA as to Plaintiff's account, including those adapted for alleged fraudulent accounts.

## STATEMENT OF MATERIAL FACTS

1. Plaintiff Saundra O'Neal has resided at 14306 Hansel Lane #259, Tampa, Florida 33412. (*See* Plaintiff's Responses to Allied's First Set of Interrogatories dated November 11, 2015, No. 12, a copy of which is attached as Exhibit 1; Deposition of Plaintiff Saundra O'Neal dated March 29, 2016 ("O'Neal Dep."), 8:17-9:4, which is attached as Exhibit 2).

2. Ms. O'Neal used the 14306 Hansel Lane #259, Tampa, Florida 33412 as her primary mailing address after February 2013. (O'Neal Dep. 9:7-12).

3. Ms. O'Neal was the phone number ███-8800. (*See* Plaintiff's Responses to Allied's First Set of Interrogatories, No. 15; O'Neal Dep., 14:12-15:2; Plaintiff's Answers to Allied's Request for Admissions, No. 2, which is attached as Exhibit 3).

4. In March 2013, Sandra O'Neal opened an account with Sprint and incurred a debt for failing pay on the Sprint account in the amount of $379.97. (Affidavit of Jamie Eader, dated March 31, 2016 ("Eader Aff.") at ¶ 3, which is attached as Exhibit 4).

5. Sprint referred the debt arising under the Sprint account to Allied for collection. (*Id.* at ¶ 4).

6. Allied mailed debt validation letters to Saundra O'Neal at 14306 Hansel Lane #259, Tampa, Florida 33412 on July 12, 2013, August 14, 2013, September 18, 2013, November 6, 2013, and December 9, 2013. (*Id.* at ¶ 5), a copy of the debt validations letters are attached as Exhibit 5; *see also* Deposition of Jonathan Juarez, Assistant Vice President of Operations for

Defendant Allied dated March 30, 2016 ("Juarez Dep."), attached as Exhibit 6.[1]

7. Allied called the phone number ███-8800 from July 15, 2013 through December 9, 2013. A total of 179 calls were placed to the phone number ███-8800 for in attempt to collect the Sprint debt. (*Id.* at ¶ 6).

8. On July 16, 2013, Allied made contact with a person that identified herself as Saundra O'Neal, and during that conversation, that person indicated that payment for the Sprint account would be forthcoming on "Friday, that's when I get paid." (O'Neal Dep., 46:19-47:10).

9. On October 18, 2013, Allied provided Plaintiff Saundra O'Neal with the contact information to Sprint's fraud department after she informed the Allied representatives that she was purportedly the victim of identity theft. (Eader Aff. at ¶ 7; O'Neal Dep., 42:9-12).

10. Plaintiff Saundra O'Neal did not contact Sprint's fraud department to report her claimed identity theft (Plaintiff's Answers to Allied's Request for Admissions, No. 5-7, 12); Juarez Dep. 36:12-24.

11. When Plaintiff Saundra O'Neal failed to contact the Sprint fraud department, the account was returned to active status on November 6, 2013 and collections resumed. (Eader Aff. at ¶ 8).

12. Allied stopped collecting on the subject account upon receipt of Plaintiff's cease and desist letter on December 11, 2013. (Eader Aff. at ¶ 9).

## **LEGAL STANDARD**

"'The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'

---

[1] In addition to the Eader Affidavit, defendant Allied also relies on the testimony given on March 30, 2016 by Jonathan Juarez, Assistant Vice President of Operations of Allied. Because the official transcript is not yet available, Allied respectfully will ask the Court for permission to supplement the record with that transcript once it becomes available.

Fed.R.Civ.P. 56(a)." *Biscayne Cove Condo. Ass'n., Inc. v. QBE Ins. Corp.*, 951 F. Supp.2d 1292, 1296 (S.D. Fla. 2013).

## ARGUMENT

**I.     PLAINTIFF'S FDCPA CLAIM IS TIME BARRED.**

Plaintiff's FDCPA claim fails as a matter of law because it is barred by the one-year statute of limitations. Under 15 U.S.C. Section 1692k(d), "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs." For purposes of computing the statute of limitations, the statute begins from the date the debt collector mails the debt validation letter. *Maloy v. Phillips*, 64 F.3d 607, 608 (11th Cir. 1995) (following the approach that "that the statute of limitations began to run on the date the letter was mailed because that was the debt collector's last opportunity to comply with the FDCPA") (citing *Mattson v. U.S. West Communications, Inc.,* 967 F.2d 259, 261 (8th Cir.1992)); *see also Zenon v. Palisades Collection, LLC*, No. 807-CV-2198T-30MAP, 2008 WL 506231, at *1 (M.D. Fla. Feb. 21, 2008) ("The limitations period begins to run on an FDCPA claim on the date of an alleged violation, not on the date it was discovered.")

In this case, the statute of limitations began to run when Allied mailed the debt validation letter to Saundra O'Neal to 14306 Hansel Lane #259, Tampa, Florida 33412 for the unpaid debt on July 12, 2013. (Eader Aff. at ¶ 5). Yet Plaintiff did not file this lawsuit until May 6, 2015, well after the expiration of the one-year statute of limitations. Accordingly, the Court should grant summary judgment in favor Allied on Plaintiff's FDCPA claim.

## II.   PLAINTIFF'S FCCPA CLAIM ALSO FAILS.

Even accepting Plaintiff's assertion that she was the victim of identity theft, the identity thief's dealings with Sprint and Allied's effort to collect on that account do not amount to a violation under the FCCPA. Thus, Plaintiff's FCCPA claim should be dismissed in its entirety.

### A.   The Court Should Dismiss the FCCPA Claim Because Allied Never Made a False Representation About the Character, Amount or Status of the Debt.

Plaintiff cannot sustain the claim under the FCCPA because there is no allegation let alone proof that Allied made any false representations about the debt. Plaintiff has claimed that she did not owe any money to Sprint, but this does not mean that Allied's attempts to collect were misleading. "Courts have held 'that the allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading practices' claim under the FDCPA.'" *Reed v. AFNI, Inc.*, No. 2:09-cv-459, 2011 WL 112430, at *2 (D. Utah Jan. 13, 2011); *Trent v. Mortgage Elec. Registration Sys.,* Inc., 618 F. Supp. 2d 1356, 1360 (M.D. Fla. 2007) (acknowledging that "when applying the provisions of the FCCPA, 'great weight shall be given to the interpretations of . . . the federal court relating to the [FDCPA]'") (quoting §559.77(5), Fla. Stat. (2014)). For this reason, courts dismiss Section 1692e claims brought by identity theft victims for lack of proof of misleading statements. *See Story v. Midland Funding LLC*, No. 3:15-cv-00194, 2015 WL 7760190, at *7 (D. Or. Dec. 2, 2015) (granting summary judgment on claim brought by identity theft victim because defendant's "communications regarding that debt are not deemed false, misleading, or deceptive simply because the alleged debt was incurred through identity theft"); *Reed*, 2011 WL 112430, at *2 (same); *Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp.2d 1210, 1219-20 (M.D. Fla. 2009) (rejecting claim by identity theft victim that statement stating that plaintiff owed the debt was misleading); *Richeson*

*v. Javitch, Block & Rathbone, LLP*, 576 F. Supp.2d 861, 867 (N.D. Ohio 2008) (rejecting 1692e claim by identity theft victim, finding that debt collector had no duty to investigate before initiating collection efforts).

      **B.**      **According to Her Version of the Facts, Plaintiff Is Not a Debtor, and She Therefore Lacks Standing to Assert an FCCPA Claim.**

The Florida Consumer Collection Practices Act provides that a "debtor" may bring an action against a person who violates Fla. Stat. § 559.72. The plain, unambiguous language of the FCCPA is clear: "debtor" is defined as "any natural person obligated or allegedly obligated to pay a debt." *Id.* at § 559.55(8). The same statutory section also clearly and plainly limits the definition of "debt" to an obligation or alleged obligation "to pay money arising out of a transaction." *Id*. at § 559.55(6).

Plaintiff Saundra O'Neal lacks standing under the FCCPA because she is claiming that an identity thief incurred the obligation to Sprint. According to her story, Plaintiff never had any dealings with Sprint. Because Plaintiff alleges that she is not legally obligated to pay, she is not a "debtor" under the plain language of the FCCPA. Indeed, district courts in this circuit have found that a plaintiff that alleges not "to be obligated to pay the [alleged debt], … [is] not a debtor[] under the FCCPA, and … do[es] not have standing to pursue claims for violations of the FCCPA." *Belin v. Litton Loan Servicing, LP*, 2006 WL 1992410, *7 (M.D. Fla. July 14, 2006) (dismissing for lack of standing FCCPA claims asserted by plaintiffs that were not obligated on the underlying debt), *accord Petitt v. U.S. Bank Nat'l Ass'n*, No. 8:14–cv–961–T–33TGW, 2014 WL 3053240, *5 (M.D. Fla. July 7, 2014) (Petitt fails to allege that she is obligated to pay a debt, and therefore has insufficiently demonstrated that she has standing to pursue a claim for violations of the FCCPA); *Condon v. Global Credit & Collection Corp.*, 2010 WL 5071014, *6

(M.D. Fla. Dec. 6, 2010) ("[T]he FCCPA is not actionable because the plaintiff is not alleged to owe any debt to the defendant"). Plaintiff Saundra O'Neal likewise lacks standing to pursue this claim against Allied for violations of the FCCPA, and, this claim should be dismissed with prejudice.

> C. **Allied Followed Its Policies and Procedures to Ensure Compliance with the FCCPA as to the Subject Debt, Including Those Adapted for an Alleged Fraudulent Account.**

The undisputed facts demonstrate that Allied, pursuant to its policies and procedures for processing alleged fraudulent accounts, provided Plaintiff Saundra O'Neal with the contact information to Sprint's fraud department after she informed the Allied representatives that she was purportedly the victim of identity theft. (Eader Aff. ¶¶ 7-17; Juarez Dep. 31:18-32:12).

However, Plaintiff did not contact the Sprint fraud department to dispute the validity of the subject debt whereupon Allied continued to collect on the subject debt. Upon receipt of Plaintiff's cease and desist letter on December 13, 2013, Allied was notified that Plaintiff was represented by an attorney and immediately terminated the account. *See* Fla. Stat. § 559.72 (18) ("No person shall . . . [c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt . . . ."). Thus, Allied followed its policies and procedures for processing a purported fraudulent account that have been implemented to avoid improper communications under the FCCPA such that any alleged violation was not intentional, but a result of a bona fide error. *See* Fla. Stat. § 559.77(3) ("A person may not be held liable in any action brought under this section if the person shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid such error."). Accordingly, Plaintiff's FCCPA claim fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Allied respectfully requests that the Court grant summary judgment on all claims to Allied.


Dated:  April 1, 2016

                        Respectfully submitted,

                        /s/ *Patrick G. Broderick*
                        Patrick G. Broderick
                        FLORIDA BAR NO.:  88568
                        Email: broderickp@gtlaw.com
                        GREENBERG TRAURIG, LLP
                        777 S. Flagler Drive, Suite 300 East
                        West Palm Beach, FL 33401
                        Phone: (561) 650-7915

                        -and-

                        John Wirthlin
                        FLORIDA BAR NO.:  0085587
                        Email: wirthlinj@gtlaw.com
                        GREENBERG TRAURIG, LLP
                        625 E. Twiggs Street, Suite 100
                        Tampa, FL  33602
                        Phone: (813) 318-5700

                        *Attorneys for Defendants*

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

/s/ *Patrick G. Broderick*