# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

SAUNDRA E. O'NEAL

     Plaintiff,                         CIVIL ACTION FILE NO. 8:15-cv-01089

v.

ALLIED INTERSTATE, LLC.

     Defendant.

_____/

### Plaintiff's Interrogatory Responses

### INTERROGATORIES No. 1:

Identify any person by name, address (including e-mail address), telephone  number that you contend has any knowledge concerning the facts of this case, the allegations raised in your Complaint, or who you intend to call, or could conceivably call, as a witness at trial.  To the extent presently known, state  the facts within that person's knowledge.

**Response:**  Saundra O'Neal

        1422 Millerman Pines Dr. # 204

        Tampa Florida 33612

        mssaundracounts@gmail.com

        REDACTED-2707.  Plaintiff knows that she had a cell phone that was called by Defendant, repeatedly, with an automated telephone dialing system without her consent and even after she told Defendant to stop calling her cell phone.

<span style="color:#b5401f">**EXHIBIT 1**</span>

**Interrogatory No. 2:**

Identify your primary address(es) beginning January 1, 2011 to the present.  For each address, please include the time period for each primary address, whether owned or rented, and the persons living with Plaintiff at said address.

**Response**:

I had no primary address from 2011 to 2014.  I was homeless.

Rent – 2014 September 2014 moved into Tampa Pines Apartments

1422 Millerman Pines Drive #204

Tampa, Florida 33612   REDACTED -2707

Roommate: Stephanie Simon, phone REDACTED –9677 .


**Interrogatory No. 3:**

Identify all other or former names of Plaintiff and when Plaintiff was known by those names, Plaintiff's  social security number, Plaintiffs date of birth, and if Plaintiff is or has ever been married, the name of Plaintiff's spouse or spouses, and names of all children.

**Response:**  Objection, Plaintiff's date of birth and family relations have not bearing on the allegations of this case and the same is true for the particulars of her family.  This interrogatory is not designed to lead to the discovery of admissible evidence.

Date of birth:  REDACTED

Maiden name:  Saundra Moore REDACTED -8794.

Husbands name:  Cliff O'Neal

Son:  Joseph O'Neal

Daughter:  Edwrine O'Neal


**Interrogatory No. 4:**

State all employment of Plaintiff beginning January 1, 2011 to the present.  For each employment position, please include the name, business address and telephone number of each employer, Plaintiff's position or job title, the dates Plaintiff worked at each job and the reason for termination of employment, if any.

**Response:**

In 2011 I was homeless and unemployed.  In 2012 I got a job at TIA making sandwiches and salads until I cut myself bad and had an anurism that took my sight away.  Now

<span style="color:orange">EXHIBIT 1</span>

I'm on Social Security from 2014 to present.  The employer was Tampa Airport Baja Fresh Express at Tampa International Airport and the telephone number was 813-396-3977.

**Interrogatory No. 5:**

Has Plaintiff ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment? If so, state as to each conviction the specific crime, and the date and place of the conviction.

**Response:**  No.

**Interrogatory No. 6:**

Identify each and every Document sent to or received from Allied from January 1, 2011 to the present.

**Response:** See attached.

**Interrogatory No. 7**;  Identify each and every telephone call between Allied and Plaintiff between January 1, 2011 and the present. For each telephone conversation, please provide,

- (a)  The date and time of each telephone call;
- (b)  The name(s) of the person(s) that participated in the telephone conversation;
- (c)  The  telephone number that was called; and
- (d)   A description  of the telephone conversation or voicemail message

**Response:**

> In all calls I was asked for social security number.  They would calls <sup>REDACTED</sup> -4129, my cell, which had limited minutes.  The incoming calls were pre-recorded and automated.
>
> Eventually, I was asked when I was going to pay the bill
>
> I said I'm not, I don't owe you money, told them that I was homeless and to stop

calling me.

**Interrogatory No. 8:**  Identify each and every telephone call between Plaintiff and Sprint Corporation's fraud department between January 1, 2011 and the present. 'For each telephone conversation, please provide,

- **(e)**  The date and time of each telephone call;
- **(f)**  The name(s) of the person(s) that participated in the telephone conversation;
- **(g)**  The telephone number that was called; and
- **(h)** A description of the telephone conversation or voicemail message

**Response**:  I was called countless times. I do not have a record of all calls, but only a record of some. I told them of the probability that I had my identity stolen, that I never had a Sprint phone. One person even called me a deadbeat.  It is my understanding that my attorney is seeking

EXHIBIT 1

records from Defendant that might provide further specifics as to when the calls were made and how the calls were made.

**Interrogatory No. 9**:  Identify all Documents referring or relating to the telephone calls you identified in response to Interrogatories No.7 and 8, including but not limited to, any recordings of those calls, any notes taken reflecting or referring to those calls, telephone bills or statements reflecting the date, time and duration of those calls.

**Response:**  1

**Interrogatory No. 10:**  Identify each and every account , service (including but not limited to. Medical treatment), debt, loan, credit line, or other instrument of indebtedness you incurred or received for which you missed one or more payments since January 1, 2011, or found to be in default since January 1,2011.  For each such account, service, debt, loan, credit line or other instrument of indebtedness, please provide.

   (a)  The date  and time of the first payment was missed;
   (b)  The reason for the missed payment(s); and
   (c)   The status of the debt at this point in time,

**Response**;  I have had a lot of calls from Allied and a few about face cream from a solicitor or debt collector that does not identify themselves.  I have the Department  of Education calling and threatening to take $5000.00 from me for a $1,900.00 school loan when they have already taken $17,707.00 from me and haven't paid the principal or interest. That are the only matters of which I am aware that might pertain to this question.  I have no further information in this regard.

**Interrogatory No. 11:**  For each and every account, service, debt, loan, credit line, or other instrument of indebtedness identified in response to Interrogatory No.10, identify each and every company placing collection calls to one or more of your telephone lines. For each telephone collection call, please provide,

   (a)  The date and time of each telephone call;
   (b)  The name(s) of the person(s) that participated in the telephone conversation
   (c)   The telephone number that was called; and
   (d)  A brief description of the telephone conversation or voicemail message.

**Response**; The only debt collector to call this particular phone is Department of Education and the above referenced face cream.  I am not presently aware of other debts or matters that might be responsive to this request.  I do not have any other information to provide in regards to this request.

**Interrogatory No. 12:**  State each and every address for Allied of which you were aware from January 1, 2011 to the present. For each address, please identify the source of the information indicating that the address was used by Allied

**Response**; 14306 Hensel Lane #259

    Tampa, Florida 33412

EXHIBIT 1

I was homeless after that but still checked mail for a while at this address.  I do not know what address Allied used because I do not recall them sending any letters or correspondence explaining what all this was about.   Defendant just kept calling even after I asked them not to do so.

**Interrogatory No. 13:**  If you contend that you sent one or more Documents to Allied, identify each and every Document.

**Response**: A Cease and Desist Letter, please see attached.

**Interrogatory No. 14:**  Identify each and every method of payment for the postage or transmission of every Document identified in response to Interrogatory No.13. Identify for all credit card transactions the card type (Visa, MasterCard, American Express or other credit card), the account number, and the date of the charges for the postage.

**Response:  U.S.** Postal Service First Class Mail.  Again, I do not know what account Defendant is referring to because I do not recall doing any business with Defendant and do not have any record of transactions.

**Interrogatory No. 15:**  Identify each and every telephone number used by you beginning January 1, 2011 to the present. For each number, please state whether it is a cellular or land line, and name of the telecommunications carrier providing the service and the relevant time periods thereof.

**Response;** Straight Talk Phone – REDACTED -4129

       Metro PCS – REDACTED -2707.  And REDACTED -9856 which was straight talk phone system as a provider.  I may have also had REDACTED -8800 perhaps, but I am not sure.

**Interrogatory No. 16:**   Identify the telephone number referred to in Paragraphs 58-59 of the complaint.

**Response:**  It was my cell phone.  I do not recall the brand or manufacturer.

**Interrogatory No. 17**:  For each cellular number identified in response to Interrogatories Nos. 15 and 16, please describe the terms of the cellular plan, whether you are charged a flat monthly fee or pay per call, and whether you incurred any additional charges due to the calls identified in response to Interrogatory No.7 and 8.

**Response**: Straight Talk, $45.00 a month, unlimited.

       Metro, $50.00 a month, unlimited.  The prior phone Defendant kept calling was on a limited plan of 250 minutes a month, which is why I was adamant in telling Defendant to stop calling my cell phone, which is listed above in response to Interrogatory No. 15, above.

**Interrogatory No. 18:**  Identify each and every lawsuit, arbitration, or other litigation or court proceeding in which you were a party, including the case name, index or case number, court or tribunal, and other information sufficient to identify the proceedings.'

**Response:** None to the recollection of Plaintiff.

EXHIBIT 1

**Interrogatory No. 19:**  Identify each and every incident that substantiates your allegations that Allied's conduct was intentional as asserted in Paragraph 66 of the complaint. For each incident, please provide,

   (a) The date and time of the incident
   (b) The name (s) of the person (s) that participated in the incident; and
   (c) A brief description of the incident.

**Response:**  Plaintiff is a consumer.  Plaintiff had no relationship with Defendant and no relationship with Defendant's principal as far as Plaintiff can recall.  Thus, Defendant had not right to collect a debt from Plaintiff and Defendant did not provide an initial notice as to what the debt was about prior to the attempts to collect the debts.  Further, Defendant continued to contact Plaintiff even after Plaintiff told Defendant to stop contacting her and to stop calling her cell phone.  As previously stated, Plaintiff does not know every time and date.  Plaintiff knows that these actions of Defendant took place within the four years preceding this lawsuit.  Plaintiff has sought information from Defendant regarding the offending calls and contacts and believes that Defendant will have account logs and dialer notes and other documents that would further identify Defendant's contact with Plaintiff.


**Interrogatory No. 20**:  Identify each and every fact that substantiates your allegations that Allied employs and Automatic Telephone Dialing System as referred to in Paragraph 38 of the Complaint.

**Response:** The calls were automated, long pause before a recorded message, message said to press 1 to speak to an agent. I would hang up and they would call right back. Some days I got what I believe to be up to 5-10 or more calls from Allied, even after I told them not to do so.

**Interrogatory No. 21:** Please state with a particularity each item of damages that you claimed in the Complaint. For each item of damages, please provide:

   (a) The total amount for each item of damages
   (b) The category to which each item of damages relates.
   (c)  The factual basis for each item of damages.
   (d)  Every person who has possession, custody or control of each such document; and an
        explanation of how each item of damages was computed, including any mathematical
        formula used.

**Response:** Emotional distress.  Statutory damages.  I am seeking all damages provided for by law.  I have not quantified the damages, but I believe I should be entitled to recover damages as provided for by law, including those damages available by 47 U.S.C. 227.

EXHIBIT 1

**Interrogatory No. 22**:  Identify each person by name and address who helped prepare the answers to the Interrogatories.

**Response**:  Saundra O'Neal

　　　　　　1422 Millerman Pines Dr. # 204

　　　　　　Tampa, Fl. 33612.

　　　Typing assistance was provided by my lawyers office as I do not have a computer.

**DATED this 12th day of November, 2015.**

　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　/s/ W. John Gadd
　　　　　　　　　　　　　　W. John Gadd
　　　　　　　　　　　　　　Attorney for Plaintiff

EXHIBIT 1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 12th, 2015, a true and correct copy of the foregoing was served via electronic mail to the following:

Patrick Broderick
Greenberg Traurig, LLP
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Phone: (561) 650-7915
Email: broderickp@gtlaw.com

-   And -

John Wirthlin
Greenberg Traurig, LLP
625 E. Twiggs Street, Ste. 100
Tampa, FL 33602
Phone: (813) 318-5700
Email: wirthlinj@gtlaw.com

/s/ W. John Gadd
W. John Gadd
FL Bar Number 463061
Bank of America Building
2727 Ulmerton Rd., Ste. 250
Clearwater, FL 33762
Phone: (727) 524-6300
Email: wjg@mazgadd.com

EXHIBIT 1

By _Josephine Wunder_

STATE OF _Florida_

COUNTY OF _Clearwater/Pinellas Park_

SWORN TO AND SUBSCRIBED before me this _26_ day of _October_, 2015. The Affiant, _Saundra Oneal_, is [ ] personally known to me or [ ] has produced _Florida Identification ID_ as identification, which is current or has been issued within the past five years and bars a serial number or other identifying number.

_Josephine Wunder_
Print Name

NOTARY PUCLIC – STATE OF _Florida_
Commission Number _FF134422_
My commission expires: _2018_
(Notary Seal)



JOSEPHINE WUNDER
MY COMMISSION #FF134422
EXPIRES: OCT 17, 2018
Bonded through 1st State Insurance

EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAUNDRA E. O'NEAL,

        Plaintiff,

        v.                      Case No. 8:15-cv-01089-MSS-EAJ

ALLIED INTERSTATE, LLC,

        Defendant.

_____/

**DEFENDANT ALLIED INTERSTATE LLC'S FIRST SET
OF INTERROGATORIES TO PLAINTIFF SANDRA E. O'NEAL**

Defendant, ALLIED INTERSTATE LLC i/s/h/a ALLIED INTERSTATE, LLC ("Allied"

or "Defendant"), by and through its undersigned counsel, and pursuant to Rule 33, Federal Rules

of Civil Procedure, hereby requests that Plaintiff, SAUNDRA E. O'NEAL ("Plaintiff") answer

the following interrogatories fully, in writing and under oath, within thirty (30) days of the date

hereof, or within such shorter time as may be ordered by the Court or agreed to by the parties.

**INSTRUCTIONS**

1.      In accordance with Rule 33, Federal Rules of Civil Procedure, your response shall

set forth the interrogatory and shall set forth the answer to the interrogatory "separately and fully

in writing under oath" or "shall state fully the grounds for refusal to answer any interrogatory."

You must sign the responses and your answers shall include all information available to you

directly or through agents, representatives, or attorneys.

2.      If you perceive any ambiguities in a question, instruction, or definition, set forth

the matter deemed ambiguous and the construction used in answering.

**EXHIBIT 1**

3.      Where knowledge or information in the possession or control of a party is requested or inquired of, such request or inquiry also seeks knowledge or information in the possession or control of the party's agents, servants, employees, representatives, and attorneys, or other persons acting for or on behalf of the party.

4.      If you refuse to answer any interrogatory, in whole or in part, on the grounds of privilege, so state, answer all remaining parts of the interrogatory, state the nature of the privilege (e.g., attorney-client, etc.), and state facts sufficient to support your claim of privilege. For each item of information, Communication, Document or part thereof as to which you claim privilege, state:

(a)      the date of the Document or Communication;

(b)      the type, title, and subject matter of the Document or Communication, sufficient to assess whether the assertion of privilege is valid;

(c)      the name of the Person(s) who prepared or signed the Document or communicated the information;

(d)      the name and positions of any intended and actual recipients of the Document or Communication;

(e)      each Person now in possession of the original or a copy of the Document, information, or Communication;

(f)      Identify all Persons known to you to have seen or otherwise learned of the contents of the Document or Communication; and

(g)      the number of the interrogatory to which the Document, Communication or other information is responsive.

EXHIBIT 1

5.      If, for reasons other than a claim of privilege, you refuse to answer any interrogatory, answer so much of the interrogatory as is not objectionable and state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of the refusal.

6.      In the event that you object to any interrogatory on the basis that it is overbroad for any reason, respond to that interrogatory narrowed in such a way as to render it not overbroad in your opinion, and state the extent to which you have narrowed the interrogatory for purposes of your response.

7.      If any interrogatory cannot be answered in full, it should be answered to the extent possible, with a detailed explanation as to why the remainder cannot be answered, disclosing whatever information, knowledge or belief you do have with respect to the unanswered portion, including the name(s) and address(es) of any Person(s) or entity(ies) having further information.

8.      If any of the interrogatories call for the Identification of or reference to Documents that you know to be missing, destroyed or otherwise disposed of, identify such Documents and give particular details as to the disposition of each Document, the identity of the Person last known to have the Document in his or her possession or subject to his or her control, and the identity of each Person you have reason to believe had knowledge of its contents or received a copy of the Document.

9.      Unless otherwise stated in the specific Interrogatory, each Interrogatory only seeks information for the period from January 1, 2011 up through the present.

## **DEFINITIONS**

In these interrogatories, the following definitions shall apply:

EXHIBIT 1

(a)      "Person" will refer to and will include without limitation and in the singular as well as in the plural, natural Persons, partnerships, joint ventures, corporations, limited liability entities, companies, firms, groups, associations, estates, trusts, and all other organizations and entities, unless the context specifically indicates otherwise.   Any reference to a Person will include his, her, or its Agents, assigns, attorneys, consultants, directors, officers, employees or any other authorized representative.

(b)      "Identify" or "Identification," when used in reference to a natural Person, means to state the full name, title or job description, occupation or business, present or last known business, residence, e-mail, and internet addresses, and telephone and facsimile numbers.   When used in reference to a person other than a natural person, "Identify" or "Identification" means to state whether that Person is a corporation, partnership, or other organization, its full name, present and last known address, telephone number, and the principal place of business.   Once a person has been identified properly, it shall be sufficient thereafter when identifying that same person to state their name only.

(c)      "Fact" will refer to and include, without limitation and in the singular as well as in the plural, all circumstances, occurrences, occasions, events, incidents, oral communications, writings, electronic communications, episodes, experiences, happenings, transactions, and all kinds of other affairs, matters, or things.

(d)      "Identify" or "Identification," when used in reference to a Fact means to identify each Person present, involved, and/or with any knowledge of a Fact, state the date or dates thereof, describe the substance of the item, occurrence, circumstance, and/or matter, state where the Fact occurred, was/is located, or otherwise relates to, and state whether any Document was

EXHIBIT 1

prepared (at any time) which records, sets forth, summarizes, refers to, or otherwise relates to that Fact, and, if so, identify each such Document.

(e)     "Communication" will refer to and will include without limitation and in the singular as well as in the plural, all conversations, telephone conversations, statements, discussions, debates, arguments, discourses, colloquies, interviews, consultations, and every other kind of oral utterance.

(f)     "Identify" or "Identification," when used in reference to a Communication means to identify each person present, involved, and/or with any knowledge, state the date thereof, state how the Communication was made (*e.g.*, by telephone or in person), state where the Communication was made (and, *e.g.*, if by telephone or other device, where each person involved actually participated), state the substance of what was communicated by each person present and/or involved, and state whether any Document was prepared (at any time) which records, sets forth, summarizes, refers to, or otherwise relates to that Communication and, if so, identify that Document.

(g)     "Document" or "Documents" will refer to and will include without limitation and in the singular as well as in the plural, any writing, medical record, handwritten, sketched, painted, drawn, traced, illustrated, typed, printed, recorded, graphical, electronic, digital, analog, optical, and/or other depiction, delineation, portrayal, reflection, projection, description, reproduction, representation, or presentation of information of any kind whatsoever, however created, depicted or stored (*e.g., on computer, disk, diskette, CD, tape, Zip®, Jaz®, flash, thumb, jump, hard, network or other drive; and/or by photographic, mechanical, analog, digital, optical, electronic, or any other means*), of any type or description, including all drafts, originals, identical and non-identical copies (*in whole or in part*), and, includes without limitation, all

EXHIBIT 1

memoranda, letters, postcards, facsimile messages, telex messages, telegrams, intra-office and interoffice communications, electronic mail, electronic documents, correspondence, notes, pamphlets, diaries, records of every kind, tapes and other sound recordings, transcripts, contracts, agreements, books, reports, catalogs, financial statements, books of account, journals, ledgers, data processing cards, other data processing materials, data sheets, photographs, photostats, microfilm, videotapes, maps, directives, bulletins, circulars, notices, messages, tabulations, economic or statistical studies, surveys, statements, summaries, opinions, analyses, evaluations, diaries, lists, polls, transcripts, minutes, agendas, instructions, requests, cancelled checks, calendars, desk pads, appointment books, scrapbooks, notebooks, specifications, drawings, diagrams, sketches, writings, CDs, documents, PIN messages, text messages, emails, internet webpages, internet message board postings, computer screen shots, and evidences of other Communications of every kind and character and all meta-data related to any Documents described above.

(h)   "Identify" or "Identification," when used in reference to a Document means to state its customary business description, state its number (if any) (*e.g.*, invoice or purchase order number), state its date, identify the addressor(s) or sender(s) (if any), Identify the addressee(s) or recipient(s) (if any), identify the custodian of such Document, or a copy thereof, is in Plaintiff's possession, custody, or control, identify all persons that possess, have custody of, or have control over such Document or any copy thereof, and state the substance of the subject matter of each such Document.

(i)   "Act" will refer to and will include without limitation and in the singular as well as in the plural, any act, transaction, decision, communication, statement, conduct, meeting, or any other type of event or occurrence, and your response should include, but not be limited to,

6

EXHIBIT 1

the following: (i) the date of the Act; (ii) the place where the Act occurred; (iii) the Identification of the parties thereto and any other Persons present, consulted or otherwise involved, together with any firm or corporation on whose behalf each such Person acted or purported to act, and in the case of any type of Communication, oral or written, specify the sender and the recipient; (iv) the substance and nature of the Act; and (v) the Identification of all Documents pertaining to the Act.

(j)     "Knowledge" includes actual, imputed, constructive, and inquiry knowledge, awareness, perception, and/or notice.

(k)     "Information" will refer to and will include without limitation any Facts, Communications, Documents, Acts, and Person(s) with Knowledge.

(l)     "Identify" or "Identification," when used in reference to Information shall incorporate the definitions in Paragraphs (b), (d), (f), and (h).

(m)     If a Fact, Communication, Document, Act, or Person is mentioned or referred to in response to more than one of these interrogatories, you need not completely Identify him, her, or it in every such instance, provided that you supply a complete Identification in one such instance and in all other such instances make specific reference to the place, by page and paragraph, in your answers to these interrogatories, where he, she, or it is fully Identified.

(n)     The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

EXHIBIT 1

(o)     The terms "relating to" "relative to," or "regarding" mean, in whole or in part, constituting, containing, embodying, reflecting, identifying, stating, referring to, dealing with, or in any way pertaining to.

(p)     "Any" and "all" also mean "each" and "every."

(q)     "Agent" will refer to and will include without limitation and in the singular as well as in the plural, any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

(r)     "Plaintiff," "you," or "your" refers to Saundra E. O'Neal.

(s)     "Allied" means Allied Interstate LLC its corporate parents, subsidiaries or affiliates, or any of its agents, representatives, officers, directors, shareholders, employees, or any other individual or entity working for Allied, or acting on Allied's behalf or at its direction, including, but not limited to, attorneys, consultants, and independent contractors.

(t)     "Complaint" means the Complaint filed by Plaintiff on May 6, 2015 in the United States District Court for the Middle District of Tampa, Case No. 8:15-cv-01089-MSS-EAJ (Dkt. 1).

EXHIBIT 1

## INTERROGATORIES

**Interrogatory No. 1:** Identify any person by name, address (including e-mail address), telephone number that you contend has any knowledge concerning the facts of this case, the allegations raised in your Complaint, or who you intend to call, or could conceivably call, as a witness at trial.  To the extent presently known, state the facts within that person's knowledge.

**Response:**

**Interrogatory No. 2:**  Identify your primary address(es) beginning January 1, 2011 to the present.  For each address, please include the time period for each primary address, whether owned or rented, and the persons living with Plaintiff at said address.

**Response:**

EXHIBIT 1

**Interrogatory No. 3:**   Identify all other or former names of Plaintiff and when Plaintiff was known by those names, Plaintiff's social security number, Plaintiff's date of birth, and if Plaintiff is or has ever been married, the name of Plaintiff's spouse or spouses, and names of all children.

**Response:**

**Interrogatory No. 4:**   State all employment of Plaintiff beginning January 1, 2011 to the present.  For each employment position, please include the name, business address and telephone number of each employer, Plaintiff's position or job title, the dates Plaintiff worked at each job and the reason for termination of employment, if any.

**Response:**

EXHIBIT 1

**Interrogatory No. 5:**   Has Plaintiff ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of one year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime, and the date and place of the conviction.

**Response:**

**Interrogatory No. 6:**   Identify each and every Document sent to or received from Allied from January 1, 2011 to the present.

**Response:**

EXHIBIT 1

**Interrogatory No. 7:** Identify each and every telephone call between Allied and Plaintiff between January 1, 2011 and the present.  For each telephone conversation, please provide,

> (a) The date and time of each telephone call;
> (b) The name(s) of the person(s) that participated in the telephone conversation;
> (c) The telephone number that was called; and
> (d) A description of the telephone conversation or voicemail message.

**Response:**


**Interrogatory No. 8:** Identify each and every telephone call between Plaintiff and Sprint Corporation's fraud department between January 1, 2011 and the present.  For each telephone conversation, please provide,

> (e) The date and time of each telephone call;
> (f) The name(s) of the person(s) that participated in the telephone conversation;
> (g) The telephone number that was called; and
> (h) A description of the telephone conversation or voicemail message.

**Response:**

EXHIBIT 1

**Interrogatory No. 9:**   Identify all Documents referring or relating to the telephone calls identified in response to Interrogatories No. 7 and 8, including but not limited to, any recordings of those calls, any notes taken reflecting or referring to those calls, and telephone bills or statements reflecting the date, time and duration of those calls.

**Response:**

**Interrogatory No. 10:**   Identify each and every account, service (including, but not limited to, medical treatment), debt, loan, credit line, or other instrument of indebtedness you incurred or received for which you missed one or more payments since January 1, 2011, were deemed delinquent since January 1, 2011, or found to be in default since January 1, 2011.  For each such account, service, debt, loan, credit line or other instrument of indebtedness, please provide,

      (a)     The date and time of the first payment was missed;

      (b)     The reason for the missed payment(s); and

      (c)     The status of the debt at this point in time.

**Response:**

EXHIBIT 1

**Interrogatory No. 11:**  For each and every account, service, debt, loan, credit line, or other instrument of indebtedness identified in response to Interrogatory No. 10, identify each and every company placing collection calls to one or more of your telephone lines.   For each telephone collection call, please provide,

>    (a)     The date and time of each telephone call;

>    (b)      The name(s) of the person(s) that participated in the telephone conversation;

>    (c)      The telephone number that was called; and

>    (d)     A brief description of the telephone conversation or voicemail message.

**Response:**

**Interrogatory No. 12:**  State each and every address for Allied of which you were aware from January 1, 2011 to the present.  For each address, please identify the source of the information indicating that the address was used by Allied.

**Response:**

EXHIBIT 1

**Interrogatory No. 13:**  If you contend that you sent one or more Documents to Allied, identify each and every Document.

**Response:**

**Interrogatory No. 14:**   Identify each and every method of payment for the postage or transmission of every Document identified in response to Interrogatory No 13.  Identify for all credit card transactions the card type (Visa, MasterCard, American Express or other credit card), the account number, and the date of the charges for the postage.

**Response:**

EXHIBIT 1

**Interrogatory No. 15:**   Identify each and every telephone number used by you beginning January 1, 2011 to the present.  For each number, please state whether it is a cellular or land line, and name of the telecommunications carrier providing the service and the relevant time periods thereof.

**Response:**

**Interrogatory No. 16:**   Identify the telephone number referred to in Paragraphs 58-59 of the Complaint.

**Response:**

EXHIBIT 1

**Interrogatory No. 17:**  For each cellular number identified in response to Interrogatories Nos. 15 and 16, please describe the terms of the cellular plan, whether you are charged a flat monthly fee or pay per call, and whether you incurred any additional charges due to the calls identified in response to Interrogatory No. 7 and 8.

**Response:**

**Interrogatory No. 18:**  Identify each and every lawsuit, arbitration, or other litigation or court proceeding in which you were a party, including the case name, index or case number, court or tribunal, and other information sufficient to identify the proceeding.

**Response:**

EXHIBIT 1

**Interrogatory No. 19:** Identify each and every incident that substantiates your allegations that Allied's conduct was intentional as asserted in Paragraph 66 of the Complaint. For each incident, please provide,

       (a)     The date and time of the incident;

       (b)     The name(s) of the person(s) that participated in the incident; and

       (c)     A brief description of the incident.

**Response:**

**Interrogatory No. 20:** Identify each and every fact that substantiates your allegation that Allied employs an Automatic Telephone Dialing System as referred to in Paragraph 38 of the Complaint.

**Response:**

18

<span style="color:#c0392b">EXHIBIT 1</span>

**Interrogatory No. 21:**  Please state with particularity each item of damages that you claimed in the Complaint.  For each item of damages, please provide:

      (a)    the total amount for each item of damages;

      (b)    the category to which each item of damages relates,

      (c)    the factual basis for each item of damages;

      (d)    every person who has possession, custody or control of each such document; and an explanation of how each item of damages was computed, including any mathematical formula used.

**Response:**

**Interrogatory No. 22:**  Identify each person by name and address who helped prepare the answers to these Interrogatories.

**Response:**

EXHIBIT 1

Dated:  September 25, 2015

Respectfully submitted,

/s/ *Patrick G. Broderick*
Patrick G. Broderick
FLORIDA BAR NO.:  88568
Email: broderickp@gtlaw.com
GREENBERG TRAURIG, LLP
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Phone: (561) 650-7915

 -and-

John Wirthlin
FLORIDA BAR NO.:  0085587
Email: wirthlinj@gtlaw.com
GREENBERG TRAURIG, LLP
625 E. Twiggs Street, Suite 100
Tampa, FL  33602
Phone: (813) 318-5700

*Attorneys for Defendant*

EXHIBIT 1

**<u>CERTIFICATE OF SERVICE</u>**

    I HEREBY CERTIFY that on September 25, 2015, a true and correct copy of the foregoing was served via electronic mail to the following:

W. John Gadd, Esquire
The Law Office of W. John Gadd
Bank of America Building
2727 Ulmerton Road, Suite 250
Clearwater, Florida 33762
E-mail: wjg@mazgadd.com
*Attorney for Plaintiff Saundra E. O'Neal*

                                        /s/ *Patrick G. Broderick*_____
                                        Attorney

EXHIBIT 1