UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAUNDRA E. O'NEAL,

Plaintiff,

                                                  CIVIL ACTION FILE NO.

v.

ALLIED INTERSTATE, LLC.

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFNDANT'S REQUEST FOR ADMISSIONS**

The Plaintiff, pursuant to Federal Rules of Civil Procedure, provides the following responses to Defendant's Request for Admissions.

1. Denied.

2. Admitted. But, Plaintiff had no relationship with Defendant nor Sprint to the best of her knowledge.

3. Denied. Plaintiff had no relationship with Defendant nor Sprint to the best of her knowledge. Plaintiff has not sought a Sprint phone and Plaintiff has not applied for any service with Sprint to the best of her recollection.

4. Admitted, as Plaintiff had no relationship with Defendant nor Sprint and because Plaintiff did not seek any services or relationship with either company, Plaintiff had no known reason to contact Sprint.

**EXHIBIT 3**

5. Admitted in part, denied in part.  Plaintiff admits that Plaintiff did not contact Sprint.  Plaintiff did inform Defendant to stop contacting Plaintiff and, upon information and belief, Defendant is an agent of an alleged creditor, thus from the perspective of Plaintiff, Defendant new or should have known not to keep calling Plaintiff's cell phone without permission. Thus, if Defendant claims that Defendant was collecting on behalf of Sprint, then Plaintiff submits that Sprit as well as Defendant was on notice to stop making the calls.  Plaintiff does not claim to have knowing contacted Sprint prior to this lawsuit because Plaintiff is under the impression that she had no need to do so because she did no business with Sprint.   Plaintiff had a limited number of minutes on her cell phone and had just been released from the hospital with the calls began, and advised Defendant when the calling campaign started that she did not owe them any money and that she did not know why they were calling her and she told them to stop calling her cell phone at or near the inception of the robo dialing/ATDS calling campaign.  Plaintiff does not claim to having contacted Sprint directly because Plaintiff did not know who Defendant was trying to collect on behalf of.

6. Same as five above.  Please see response to paragraph number five in regards to this request.

7. Same as five above.  Please see response to paragraph number five in regards to this request.

8. Denied.

9. Objection, lack of foundation and lacking factual predicate.  Defendant has not identified a particular amount that Defendant believes to be due and owing nor

EXHIBIT 3

has Defendant provided dates for when said debt would have been incurred or what balance may have been owed or what portion of any existing balance may have been paid.  Plaintiff does not recall having had an account with Sprint nor having any business relationship with Defendant.  Accordingly, this admission is denied.

10. Denied for the reasons stated in nine, above.

11. Denied.

12. Denied in part, admitted in part.   Plaintiff admits to not knowingly contacting Sprint because Plaintiff does not recall having an account with Defendant nor with Sprint.  However, Plaintiff does admit to providing cease and desist instructions to Defendant. Accordingly, Defendant's request appears to lack the required factual predicate as Plaintiff does not recall having an account with Sprint or doing business with Sprint and does not recall doing any business with Defendant.  Notably, Plaintiff does not recall having been provided with any written notice as to this debt or what matter Defendant was trying to collect from Plaintiff.

13. Denied.

14. Admitted.  Further, as stated above, said letter was not Plaintiff's only or first cease and desist instruction to Defendant.

15. Denied.  Further, Plaintiff denies that Defendant had any right to attempt to collect a debt from Plaintiff.

**EXHIBIT 3**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon Defendant via its attorney at:  wirthlinj@gtlaw.com  on October 26, 2015.

                                                    **s/W. John Gadd**
                                                    W. John Gadd
                                                    FL Bar Number 463061
                                                    **Bank of America Building.**
                                                    2727 Ulmerton Rd. Ste. 250
                                                    Clearwater, FL 33762
                                                    Tel – (727)524-6300
                                                    Email –
                                                               wjg@mazgadd.com

**EXHIBIT 3**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAUNDRA E. O'NEAL,

    Plaintiff,

v.                                                   Case No. 8:15-cv-01089-MSS-EAJ

ALLIED INTERSTATE, LLC,

    Defendant.

_____/

**DEFENDANT ALLIED INTERSTATE LLC'S FIRST REQUESTS**
**FOR ADMISSIONS TO PLAINTIFF SAUNDRA E. O'NEAL**

Defendant, ALLIED INTERSTATE LLC i/s/h/a ALLIED INTERSTATE, LLC ("Allied" or "Defendant"), by and through its undersigned counsel, and pursuant to Rule 36, Federal Rules of Civil Procedure, hereby requests that Plaintiff, SAUNDRA E. O'NEAL ("Plaintiff") admit or deny the truth of the following matters answer the following requests for admissions within thirty (30) days of the date hereof ("Request"). If Plaintiff fails to respond within the prescribed time, every matter set forth in these requests may be deemed admitted and conclusively established against Plaintiff for purposes of this action.

### INSTRUCTIONS

1.     Each Request shall be answered separately and fully. If an objection is made, the reasons for the objection shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. *See* Fed. R. Civ. P. 36(a)(4).

2.     A denial shall fairly meet the substance of the requested admission, and when good faith requires that the answering party qualify an answer or deny only a part of the matter

**EXHIBIT 3**

of which an admission is requested, the answering party shall specify so much of it as is true and qualify or deny the remainder.  *See* Fed. R. Civ. P. 36(a)(4).

3. The answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the answering party had made reasonable inquiry and that the information known or readily obtainable by the answering party is insufficient to enable the answering party to admit or deny.  *See* Fed. R. Civ. P. 36(a)(4).

4. These Requests are continuing in nature and must be supplemented if the answering party obtains additional responsive information.  If at any time the answering party learns that its response to any of the Requests is in some respect incomplete, or inaccurate and such corrective information has not otherwise been made known to the requesting party, the answering party has a duty to timely amend its prior response to such requests.  *See* Fed. R. Civ. P. 26(e)(1)(A).

5. Any matter admitted under this rule is conclusively established unless the Court on motion permits withdrawal or amendment of the admission.  *See* Fed. R. Civ. P. 36(b).

**DEFINITIONS**

1. "Plaintiff," "you," or "your" refers to Saundra E. O'Neal.

2. "Allied" means Allied Interstate, LLC its subsidiaries or affiliates, or any of its agents, representatives, officers, directors, shareholders, employees, or any other individual or entity working for Allied, or acting on Allied's behalf or at its direction, including, but not limited to, attorneys, consultants, and independent contractors.

3. "Complaint" means the Complaint filed by Plaintiff on May 6, 2015 in the United States District Court for the Middle District of Tampa, Case No. 8:15-cv-01089-MSS-EAJ (Dkt. 1).

EXHIBIT 3

**PLEASE ADMIT THAT:**

1. You have an account with the Sprint Corporation.

2. At the time of the alleged communications between you and Allied as stated in the Complaint, your cell phone number was 813-789-8800.

3. Your cell phone number was issued by the Sprint Corporation in connection with your cell phone account.

4. You never orally informed anyone at the Sprint Corporation of a telephone number different from 813-789-8800 at which you could be reached.

5. You never in writing informed anyone at the Sprint Corporation of a telephone number different from 813-789-8800 at which you could be reached.

6. You never orally informed anyone at the Sprint Corporation not to contact you at 813-789-8800.

7. You never in writing informed anyone at the Sprint Corporation not to contact you at 813-789-8800.

8. You failed to pay for some or all of the services provided by the Sprint Corporation in connection with your account.

9. Your debt to Sprint Corporation has not been repaid as of the date of your response to this Request.

10. You informed an Allied employee that you did not have an account with the Sprint Corporation.

11. Allied provided you with telephone number of the Sprint Corporation's fraud department.

**EXHIBIT 3**

12. You did not contact the Sprint Corporation's fraud department to inform the Sprint Corporation that Allied had attempted to collect a debt for an account in your name.

13. You never orally informed anyone employed at Allied not to contact you at 813-789-8800.

14. Your cease and desist letter to Allied that is referenced in the Complaint was postmarked November 20, 2013.

15. You received a notice from Allied postmarked July 12, 2013, informing you regarding your debt to Sprint Corporation, and that you had thirty (30) days to dispute the validity of the debt.

Dated: September 25, 2015

Respectfully submitted,

/s/ *Patrick G. Broderick*
Patrick G. Broderick
FLORIDA BAR NO.: 88568
Email: broderickp@gtlaw.com
GREENBERG TRAURIG, LLP
777 S. Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
Phone: (561) 650-7915

 -and-

John Wirthlin
FLORIDA BAR NO.: 0085587
Email: wirthlinj@gtlaw.com
GREENBERG TRAURIG, LLP
625 E. Twiggs Street, Suite 100
Tampa, FL  33602
Phone: (813) 318-5700

*Attorneys for Defendant Allied Interstate LLC*

EXHIBIT 3

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on September 25, 2015, a true and correct copy of the foregoing was served via electronic mail to the following:

W. John Gadd, Esquire
The Law Office of W. John Gadd
Bank of America Building
2727 Ulmerton Road, Suite 250
Clearwater, Florida 33762
E-mail: wjg@mazgadd.com

*Attorney for Plaintiff Saundra E. O'Neal*

                                /s/ *Patrick G. Broderick*
                                Attorney

**EXHIBIT 3**