UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAUNDRA E. O'NEAL,

    Plaintiff,

v.                                          Case No. 8:15-cv-01089-MSS-EAJ

ALLIED INTERSTATE, LLC,

    Defendant.
_____/

**<u>AFFIDAVIT OF JAMIE EADER</u>**

STATE OF OHIO                     )
                                        )
COUNTY OF FRANKLIN      )

    The undersigned Affiant, being first duly sworn, deposes and says:

    1.    My name is Jamie Eader, I am over the age of 18 and competent to make the following averments that are made based upon my personal knowledge.

    2.    I am Assistant Vice President in the Shared Services Department for iQor. I am responsible for all 3rd party payment and correspondence processing for Allied Interstate. This affidavit is based upon my review of Allied's business records, including records related to an account held by Saundra O'Neal, and the knowledge I have acquired in the course of my duties with Allied to make this affidavit in support of Allied's motion for summary judgment.

    3.    Saundra O'Neal incurred a debt for failing pay on a Sprint Corporation account in the amount of $379.97.

    4.    On July 11, 2013, Sprint Corporation referred the debt to Allied Interstate for collection.

**EXHIBIT 4**

5. Allied mailed debt validation letters to Saundra O'Neal at 14306 Hansel Lane #259, Tampa, Florida 33412 regarding the collection account on July 12, 2013, August 14, 2013, September 18, 2013, November 6, 2013, and December 9, 2013.

6. Allied Interstate called the phone number ███-8800 from July 15, 2013 through December 9, 2013.  A total of 179 calls were placed to the phone number ███-8800 in attempt to collect the Sprint Corporation debt.

7. On October 18, 2013, Allied Interstate provided Saundra O'Neal with the contact information to Sprint Corporation's fraud department after she informed an Allied Interstate agent that she was purportedly the victim of identity theft.

8. Following the allegation of identity theft, the account was placed into fraud status. When Saundra O'Neal failed to contact the Sprint fraud department, the account was returned to active status on November 6, 2013 and collections resumed.  No collection activity took place between October 18, 2013 and November 6, 2013.

9. Upon receipt of Saundra O'Neal's cease and desist letter on December 11, 2013, Allied Interstate stopped collecting on the subject account.

10. Allied Interstate has implemented policies and procedures to ensure compliance with the Federal Debt Collection Practices ACT ("FDCPA").  Such policies and procedures are reasonably adapted to avoid FDCPA violations.

11. Included in Allied Interstate's compliance policies and procedures is the process for handling alleged fraudulent accounts.

12. Pursuant to Allied Interstate's compliance policies and procedures, in the event a consumer claims that they are the victim of identity theft or the account for which Allied Interstate is seeking to collect is fraudulent, Allied Interstate will provide the consumer with the

**EXHIBIT 4**

contact information for the creditor's fraud department.

13. Upon receipt of a claim of fraud or identity theft, Allied Interstate places the account into fraud status. If the consumer fails to contact the creditor's fraud department or if the creditor determines that there is not a valid claim of fraud or identity theft, the account may return to active status with Allied Interstate.

14. Also included in Allied Interstate's compliance policies and procedures is the process for handling written communications from consumers.

15. Standard Operating Processes for Qorus Correspondence Processing, which was effective in December of 2014, provides that correspondence is scanned daily into Qorus and the images appear on the "Documents>Images" screen.

16. Correspondence, including cease requests, is processed within 24 hours.

17. Based my review of the business records, Allied Interstate properly followed it policies and procedures as to (a) Sandra O'Neal's claim that she was the victim of identity as to the account with Sprint Corporation, and (b) Sandra's O'Neal cease and desist letter that was received and processed on December 11, 2013.

**FURTHER AFFIANT SAYETH NOT.**

_____
JAMIE EADER

**EXHIBIT 4**